**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STEVEN SULLIVAN and ) <br> VANESSA SULLIVAN, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> v. ) <br>  ) <br> USAA GENERAL INDEMNITY COMPANY, ) <br>  ) <br> Defendant. ) | Case No. CIV-05-855-M |

## ORDER

Before the Court is Defendant's Supplemental Motion to Compel [docket no. 8], filed August 23, 2005. Plaintiffs filed their response on September 12, 2005, and on October 11, 2005, Defendant filed its reply.

I.  Introduction

This case was originally filed in Oklahoma state court. Plaintiffs allege claims of breach of contract and breach of the duty of good faith and fair dealing by Defendant. Defendant served its First Set of Interrogatories and Requests for Production on January 7, 2005. Plaintiffs' responses were due on February 6, 2005. Plaintiffs' counsel requested an extension, which Defendant's counsel granted. Plaintiffs' responses were not provided within the extended period. In early March, 2005, Plaintiffs' counsel advised Defendant that responses were forthcoming; however, by the middle of May, Plaintiffs' responses still had not been provided. Defendant's counsel wrote a letter to Plaintiffs' counsel requesting immediate responses; Plaintiffs' counsel never responded. Defendant's counsel left several telephone messages for Plaintiffs' counsel concerning the delinquent responses. Plaintiffs' counsel still did not respond.

On June 8, 2005, Defendant filed a motion to compel discovery responses with the Oklahoma

County District Court. The day before the hearing on the motion, Plaintiffs' counsel called Defendant's counsel and offered to provide the responses if Defendant's counsel would dismiss the motion. Defendant's counsel agreed to postpone the hearing. On July 25, 2005, Defendant's counsel received Plaintiffs' responses, and on July 27, 2005, the case was removed to this Court. On July 29, 2005, Defendant's counsel wrote Plaintiffs' counsel a letter setting forth their discovery dispute, and on August 23, 2005, the instant motion was filed.

The parties have been unable to resolve their differences regarding three categories of information to which Defendant now moves the Court to compel Plaintiffs' complete, unevasive responses. Those categories are: (1) facts giving rise to Plaintiffs' claims; (2) damages; and (3) e-mail communications.

II.     Discussion

"Discovery rules are to be accorded a broad and liberal treatment." *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136 (W.D. Okla. 1977) (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964); *Hickman v. Taylor*, 329 U.S. 495 (1947)). Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> **In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Further,

> [i]n opposing discovery on the grounds of burdensomeness, a party

> has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents. Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery.

*Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 672 (D. Kan. 2005) (internal quotations and citations omitted). Additionally, "the party seeking to assert the attorney-client privilege or the work product doctrine as a bar to discovery has the burden of establishing that either or both is applicable." *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1985).

    A.    Facts Giving Rise to Plaintiffs' Claims

Interrogatory Nos. 4, 5 and 6 request that Plaintiffs identify each statement, act or conduct of Defendant which they contend constitutes bad faith, breach of the implied covenant of good faith and fair dealing, or breach of contract, or gives rise to their claim for punitive damages. In their response, Plaintiffs identified eight (8) separate categories of statements, acts or conduct of Defendant that constitute bad faith or breach of the implied covenant of good faith and fair dealing and four (4) categories of statements, acts or conduct of Defendant that constitute a breach of contract.

Having carefully reviewed the parties' submissions, the Court finds that Plaintiffs have completely and adequately responded to said interrogatories. Accordingly, the motion to compel as to Interrogatory Nos. 4, 5 and 6 is DENIED.

Interrogatory No. 10 requests:

> With regard to your allegation . . . that Defendant failed "to provide a timely, proper and reasonable evaluation of the Plaintiff's underinsured motorist claims resulting from the December 7, 2003 loss":

      (a)    State all facts which you believe tend to support of [sic] refute this allegation; and

      (b)    Identify (as defined) each document or other tangible thing that you believe tends to either support, refute or explain such allegation.

Plaintiffs objected to this interrogatory as follows:

> Plaintiffs object to this Interrogatory on the basis that it is overly broad and unduly burdensome. In addition, Plaintiffs object to this Interrogatory on the basis that Defendant can derive the requested information from its own records and the burden of deriving or ascertaining the information requested by the Defendant is substantially the same as it is for Plaintiffs.

Plaintiffs also referred Defendant to "[s]ee Claims File and Log as produced by Defendant to Plaintiffs' counsel," and to "see documents and information produced by Defendant on January 24, 2005 Bates-stamped USAA/SUL-0526 through USAA/SUL-0684; including, but not limited to, the specifically identified sections addressed in Plaintiff's [sic] Response to Interrogatory #4, sub paragraph #8."

Having carefully reviewed the parties' submissions, the Court finds that Plaintiffs have completely and adequately responded to subpart b. Accordingly, Defendant's motion to compel as to subpart b is DENIED. However, as to subpart a, the Court finds that Plaintiffs have not met their burden of showing that request is overly broad or that the production of the information Defendant has requested would be unduly burdensome. As such, the Court finds that Plaintiffs must provide Defendant with a responsive, complete and unevasive answer. Accordingly, Defendant's motion to compel as to subpart a is GRANTED.

Request for Production No. 7 seeks all documents evidencing communication between Defendant and the law offices of Goolsby, Olson & Proctor. In response, Plaintiffs referred Defendant to documents and information attached to Defendant's own discovery responses produced

on or about December 30, 2004, including Bates-stamped USAA/SUL-001 through USAA/SUL-525. Plaintiffs also stated that Plaintiffs' counsel would make certain audio tapes available at a mutually convenient time. Defendant contends that although Plaintiffs produced some audio tapes for inspection, they did not comply with Defendant's counsel's requests that those tapes be sent for copying at Defendant's expense. Plaintiffs respond that, since the filing of the instant motion, the subject audio tapes have been collected, copied, and provided to Defendant's counsel. Defendant does not deny this in its reply.

Having carefully reviewed the parties' submissions, the Court finds that Plaintiffs have completely and adequately responded to the request. Accordingly, the Court finds that Defendant's motion to compel as to Request for Production No. 7 should be, and hereby is, DENIED as moot.

B.   Damages[1]

Interrogatory No. 7 requests that Plaintiffs describe the damages they contend they suffered as a result of Defendant's alleged bad faith conduct. Specifically, Defendant requests the types of damages, the amount of damages, and the methodology used by Plaintiffs to calculate such damages. Plaintiffs assert that because this information is the subject of initial disclosures required by Rule 26, the request is unreasonably cumulative and duplicative. Plaintiffs further assert that their initial disclosures, required by Rule 26, are not yet due, and consequently that Defendant's motion to compel as to Interrogatory No. 7 should be denied.

Defendant initially served Plaintiffs with its interrogatories nearly seven (7) months before

---

[1]Defendant also lists Request for Production No. 20 in this category but does not provide any information regarding how Plaintiffs' response thereto is deficient. As such, the Court finds that Defendant's motion to compel as to Request for Production No. 20 should be, and hereby is, DENIED.

5

Plaintiffs responded and before either party was subject to the initial disclosure requirements of Rule 26. Plaintiffs have not provided any explanation for the delay. Failure to timely assert an objection to an interrogatory results in waiver of the objection. *Cardenas v. Dorel Juvenile Group, Inc.*, 231 F.R.D. 616, 618 (D. Kan. 2005). As such, the Court declines to consider Plaintiffs' objections and finds that Plaintiffs must provide Defendant with a responsive, complete and unevasive answer to Interrogatory No. 7. Accordingly, the Court finds that Defendant's motion to compel as to Interrogatory No. 7 should be, and hereby is, GRANTED.

Interrogatory Nos. 8 and 9 and Request for Production Nos. 23 and 24 request that Plaintiffs explain and produce documents relating to the how they spent monies received from Defendant and the tortfeasor's insurance carrier. Plaintiffs responded to these discovery requests as follows:

> Plaintiffs object to this [Interrogatory / Request] on the basis that it seeks information that is protected by the attorney/client work product privilege, and on the basis that it is oppressive, sought to embarrass the Plaintiffs, overly broad and unduly burdensome. In addition, this [Interrogatory / Request for Production] seeks information not reasonably calculated to lead to the discovery of admissible evidence and is an invasion of the Plaintiffs' privacy rights.

Additionally, in response to Request for Production No. 24, Plaintiffs directed Defendant to a check issued to Plaintiff Steven Sullivan by USAA General Indemnity company on October 12, 2004 in the amount of $40,000.00. Defendant contends that the information is relevant to the amount of Plaintiffs' damages and to their efforts to mitigate those damages, and that Plaintiffs' privilege arguments are without merit.

Having carefully reviewed the parties' submissions, the Court finds that all of Defendant's requests meet the liberal relevancy standard of Rule 26(b)(1), and that, although the payment of money by Plaintiffs in subrogation of health insurance may not be admissible at trial, the requests

are reasonably calculated to lead to the discovery of admissible evidence. The Court further finds that Plaintiffs have neither met their burden of establishing that either the attorney-client or the attorney work product privilege is applicable, nor have they met their burden of establishing that the requests are overly broad, burdensome, or oppressive. Accordingly, the Court finds that Defendant's motion to compel as to Interrogatory Nos. 8 and 9 and Request for Production Nos. 23 and 24 should be, and is hereby, GRANTED.

Interrogatory No. 12 requests that Plaintiffs identify all doctors, physicians or other persons from whom they have received treatment or counseling since December 2001. Plaintiffs object to this interrogatory on the basis that it is vague, overly broad and not calculated to lead to admissible evidence. These objections not withstanding, Plaintiffs answered the interrogatory by directing Defendant to the list of "accident related" healthcare providers provided in their response to Interrogatory No. 3, and information contained within Defendant's claims materials produced to Plaintiffs' counsel. Defendants contend that the information sought is relevant to Plaintiffs' claims of anxiety, frustration, mental and emotional distress, and mental anguish purportedly caused by Defendant's alleged bad faith conduct. In their response to the instant motion, Plaintiffs assert that they did not seek medical treatment with respect to these items of damages. Having carefully reviewed the parties' submissions, the Court finds that Plaintiffs have fully and completely responded to this interrogatory. Accordingly, the Court finds that Defendant's motion to compel as to Interrogatory No. 12 should be, and hereby is, DENIED.

Request for Production No. 4 seeks all explanations of benefits issued by any health insurer or entity providing health care benefits to Plaintiffs, or which refers to treatment provided to Plaintiffs since December, 2003. Plaintiffs object to this interrogatory on the basis that it is

oppressive, overly broad, unduly burdensome and an unreasonable invasion of privacy, and that it seeks information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further assert that the information sought is subject to the collateral source rule. Having carefully reviewed the parties' submissions, the Court finds that Defendant has met its initial burden of establishing that the information is relevant. In contrast, the Court finds that Plaintiffs have not met their burden of establishing that the request is overly broad, oppressive, unduly burdensome, or an unreasonable invasion of privacy. Further, the Court finds that although the collateral source rule may make the information inadmissible at trial, it appears reasonably calculated to lead to the discovery of admissible evidence; and, since discovery does not depend upon admissibility at trial, the information is discoverable at this stage of the proceedings. *See Bohannon v. Honda Motor Co. Ltd.*, 127 F.R.D. 536 (D. Kan. 1989). Accordingly, the Court finds that Defendant's motion to compel as to Request for Production No. 4 should be, and hereby is, GRANTED.

Request for Production No. 17 seeks the following:

> To the extent you claim economic harm or emotional distress as a result of Defendant's actions, produce:
> a. All account statements, cancelled checks and other records of all bank accounts held by you during the period starting one year before your loss and extending to the present;
> b. All account statements, cancelled checks and other records of all savings and loan accounts held by you during the period starting one year before your loss and extending to the present;
> c. All account statements, cancelled checks and other records of all securities accounts held by you during the period starting one year before your loss and extending to the present;
> d. All account statements, cancelled checks and other records of all money market accounts and mutual funds held by you during the period starting one year before your loss and extending to the present;
> e. All bond and stock certificates owned by you;
> f. All deeds and conveyances relating to property in which you

        had an interest during the period starting one year before your loss and extending to the present;

  g.  All books and records of your income and finances at any time during the period starting one year before your loss and extending to the present;

  h.  All financial statements purporting to represent your financial condition or results of business operations at any time during the period starting one year before your loss and extending to the present;

  i.  All writings reflecting your interest in any item of property for which you are claiming loss or damage within the coverage of the policy period at issue;

  j.  All documents reflecting any expenses incurred as a result of your claim; and

  k.  All documents reflecting any debt you incurred as a result of your claim.

Plaintiffs objected to this request as follows:

> Plaintiffs object to this Request for Production on the basis that it seeks information which is protected by the attorney client/work product privilege, is an invasion of privacy, unduly burdensome and seeks information that is not calculated to lead to the discovery of admissible evidence.

Nevertheless, Plaintiffs agreed to produce information responsive to this request upon the execution and receipt by Plaintiffs of an appropriate protective order, which the Court entered on August 1, 2005. In their response to the instant motion, Plaintiffs assert that they do not have any information responsive to subparts c, e, f, g, h or i. Defendant contends that, despite the Court having entered the parties' Stipulated Confidentiality Agreement and Protective Order, Plaintiffs have not, as of the filing of the Defendant's motion to compel, produced the requested documents.

    Having carefully reviewed the parties' submissions, the Court finds that, as to subparts c, e, f, g, h and i, Plaintiffs have completely and adequately responded to Defendant's request. The Court further finds that, although the information sought in subparts a, b, d is relevant, the request, as it currently stands, is overly broad to the extent that the time period for which information is sought

is excessive. Further, the Court finds that as to subparts j and k, Defendant is entitled a to responsive, unevasive response. Accordingly, the Court finds that Defendant's motion to compel as to Request for Production No. 17 subparts a, b, c, d, e, f, g, h, and i should be, and hereby is, DENIED.[2] As to subparts j and k, the Court finds that Defendant's motion to compel should be, and hereby is, GRANTED.

       C.      E-mail Communications

Interrogatory No. 14 requests that Plaintiffs identify all e-mail addresses they have used to send or receive electronic communications. Plaintiffs object on the basis that the request is overly broad, unduly burdensome, oppressive, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs further assert that the information is protected by the attorney-client or the attorney work product privilege. Having carefully reviewed the parties' submissions, the Court finds that the information requested in this interrogatory is not relevant, nor does it appear reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds the Defendant's motion to compel as to Interrogatory No. 14 should be, and hereby is, DENIED.

Interrogatory No. 15 seeks the following:

> For any computer owned, leased or operated by you (other than use of a computer dedicated to a public location such as a library) since December 7, 2003, state:
>
> a.    The current location of the computer;
> b.    The owner of the computer;
> c.    The size of the computer's hard drive; and
> d.    The approximate time period in which you used the

---

[2]The Court would note that Defendants are not precluded from seeking these types of documents through more narrowly tailored requests.

computer.

Plaintiffs object to this interrogatory on the basis that it is overly broad, unduly burdensome, oppressive and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also assert that the request is an unnecessary invasion of privacy. Having carefully reviewed the parties' submissions, the Court finds that the information requested is not relevant, nor does it appear reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that Defendant's motion to compel as to Interrogatory No. 15 should be, and hereby is, DENIED.

Request for Production No. 11 seeks all non-privileged e-mails sent or received by Plaintiffs since the date of the accident which contain the following words or phrases: policy limits, liability limits, injury, injuries, doctor, doctors, USAA, insurance, Shawn Hill, Hill, Farmers, accident, damage, damages, emotion, or suffering. Plaintiffs assert that the request is overly broad, unduly burdensome, oppressive, and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs also assert that the information is protected by the attorney-client or attorney work product privilege, and that the request is an unnecessary invasion of privacy. Defendant asserts that e-mail can be a fertile source of information with respect to Plaintiffs' claims and allegations.

Having carefully reviewed the parties' submissions, the Court finds that Plaintiffs have neither met their burden of establishing that the requested information is protected by the attorney-client privilege or the attorney work product privilege, nor have they established the burdensomeness or oppressiveness of the request. Additionally, the Court finds that Defendant has met its burden of establishing the relevance of the information. Accordingly, the Court finds that

Defendant's motion to compel as to Request for Production No. 11 should be, and hereby is GRANTED.

III.    Attorney Fees

In its motion to compel, Defendant moves the Court to require Plaintiffs to pay its attorney fees and costs incurred in making the motion. Where, as here, a motion to compel is granted in part and denied in part, the court <u>may</u> apportion reasonable expenses incurred in relation to the motion among the parties in a just manner. Fed. R. Civ. P. 37(a)(4)(C). In light of the fact that this Court has denied the motion to compel in part, the Court finds that an award of attorney fees and costs are not warranted.[3]

IV.    Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Defendant's Supplemental Motion to Compel [docket no. 8] as follows:

(1)    The Court GRANTS Defendant's motion to compel as to Interrogatory Nos. 7, 8, 9 and 10 subpart a and Request for Production Nos. 4, 11 and 17 subparts j - k; Plaintiffs must provide separate, complete answers or produce documents responsive to these requests on or before January 20, 2006 subject to the parties' Stipulated Confidentiality Agreement and Protective Order; and

---

[3]The Court would remind Plaintiffs of their continuing duty to comply with the Federal Rules of Civil Procedure governing discovery. Plaintiffs' counsel is advised that future violations may result in the imposition of sanctions.

(2) The Court DENIES Defendant's motion to compel as to Interrogatory Nos.4, 5, 6, 10 subpart b, 12, 14 and 15, and as to Request for Production Nos. 7, 17 subparts a - i, 20, 23 and 24.[4]

**IT IS SO ORDERED this 11th day of January, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[4] The Court would remind Plaintiffs of their duty to supplement or correct their discovery responses when required pursuant to Fed. R. Civ. P. 26(e).