**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| STEVEN SULLIVAN, and )<br>VANESSA SULLIVAN, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>USAA GENERAL INDEMNITY COMPANY, )<br>)<br>Defendant. ) | Case No. CIV-05-855-M |

## ORDER

Before the Court are Plaintiffs' Motion to Compel Documents and Information from Defendant USAA General Indemnity Company [docket no. 29], filed March 29, 2006, and Defendant's Motion for a Protective Order Limiting Discovery and Quashing Plaintiffs' Rule 30(B)(6) Deposition Notice [docket no. 38], filed April 11, 2006. On May 3, 2006, the parties' filed a Joint Notice of Resolved Discovery Disputes explaining that they had reached an agreement regarding all issues raised in Plaintiffs' motion to compel, except Plaintiffs' Third Request for Production No. 4 and Plaintiffs' Second Request for Production No. 1, and that all issues raised in Defendant's motion for protective order remain unresolved. On May 4, 2006, the Court held a hearing on both motions.

I.  Factual Background

This case arises out of an automobile accident which occurred on December 7, 2003. On December 10, 2003, Plaintiffs submitted a claim for uninsured/under insured motorist benefits to Defendant and, on October 12, 2004, Defendant paid Plaintiffs full policy limits. Plaintiffs allege that Defendant's failure to pay full policy limits earlier than October 12, 2004, amounts to breach of contract and breach of the duty of good faith and fair dealing by.

II.   Discussion

"Discovery rules are to be accorded a broad and liberal treatment." *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136 (W.D. Okla. 1977) (citing *Schlagenhauf v. Holder*, 379 U.S. 104 (1964); *Hickman v. Taylor*, 329 U.S. 495 (1947)). Federal Rule of Civil Procedure 26 provides, in pertinent part:

> (b)(1) **In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.
>
> (b)(2) **Limitations**. By order, the court may alter the limits in these rules on the number of depositions and interrogatories or the length of depositions under Rule 30 . . . . The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the proposed discovery in resolving the issues.
>
> (c) [F]or good cause shown, the court . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>   (1)   that the disclosure or discovery not be had;
>
>   (2)   that the disclosure or discovery may be had only on specified terms and conditions . . .;

>                             *   *   *
> (4)   that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters.
>                             *   *   *
> (7)   that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way . . . .

Fed. R. Civ. P. 26(b)(1).

> A.   Plaintiffs' Motion to Compel

Plaintiffs move the Court to compel Defendant to respond to their Third Request for Production No. 4, which seeks copies of Colossus[1] accuracy reports and all audits for the central region in the past five years. Defendant objects to this request for production on the basis of relevance, overbreadth and undue burden. Defendant asserts that its Colossus accuracy reports merely help it determine whether its adjusters are accurately inputting data. It further asserts that it generates at least two such reports for each adjuster per year and that, with 115 to 120 claims adjusters, Plaintiffs' request would require it to produce 12,900 multi-page reports, imposing an obvious burden and expense.

> In opposing discovery on the grounds of burdensomeness, a party has the burden to show facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome. This imposes an obligation to provide sufficient detail in terms of time, money and procedure required to produce the requested documents. Discovery should be allowed unless the hardship is unreasonable in light of the benefits to be secured from the discovery.

*Cory v. Aztec Steel Bldg., Inc.*, 225 F.R.D. 667, 672 (D. Kan. 2005) (internal quotations and citations omitted).

---

[1] Colossus is a software program used by insurance adjusters to evaluate of bodily injury claims.

Plaintiffs also move the Court to compel Defendant to respond to their Second Request for Production No. 1, which seeks a copy of each and every claim file for uninsured/under insured motorist benefits where Colossus was consulted for the years 2000 through 2005[2]. Defendant objects to this request for production on multiple grounds including relevance, overbreadth and undue burden.

Having reviewed the parties' submissions and having heard the arguments of counsel, the Court finds that although the adjuster in this case, Mr. Michael Kitchen, ultimately offered Plaintiffs full benefits, it is clear that he, at least initially, evaluated their claims using Colossus and that, therefore, some information regarding Colossus is clearly relevant. As such, the Court finds that both the Colossus Accuracy Reports and the claim files for uninsured/under insured motorist benefits where Colossus was consulted are discoverable, but that Plaintiffs' request for such information is overly broad. Accordingly, the Court orders Defendant to produce only such reports and claims files pertaining to Mr. Kitchen and only for the years 2002, 2003, and 2004.

B.    Defendant's Motion for Protective Order

In its motion for protective order, Defendant seeks to limit Plaintiffs' Colossus-related discovery. Defendant asserts that Plaintiffs' latest round of discovery, consisting of Plaintiffs' Fourth Request for Production and Plaintiffs' Second Set of Interrogatories, is overly broad and unduly burdensome.[3] Specifically, Defendant asserts:

---

[2] Plaintiffs originally sought each and every claim file for uninsured/under insured motorist benefits that Defendant evaluated and placed a value on but offered less than the amount of the evaluation for the years 2000 through 2005; Plaintiffs narrowed the request during a Rule 37 conference.

[3] Defendant directs the Court's attention to several representative samples including:
   Request for Production No. 15: Each document, report,

    (1)      Information about [Defendant's] licensing, implementation, and use of the Colossus computer program has nothing to do with the actual claims and defenses in this lawsuit;

    (2)      Even if Colossus is somehow deemed relevant to the general subject matter of this lawsuit, Plaintiffs' Colossus-related discovery is overly broad and unduly burdensome when compared with its marginal relevance;

    (3)      Plaintiffs' colossus-related discovery invades confidential, proprietary interests and trade secrets of [Defendant] and other, non-parties to this action; and

    (4)      Plaintiffs' Colossus-related discovery has been propounded for the improper purpose of attempting to coerce an unreasonable monetary settlement and obtain discovery for use in other litigation.

Defendant's Motion for Protective Order at 2.

Having considered the parties' submissions and the statements of counsel, the Court finds Plaintiffs' Fourth Requests for Production and Second Set of Interrogatories are overly broad,

---

> memorandum, correspondence, communication, analysis, etc. prepared by any person or entity hired, engaged, retained, contracted or employed by you during or following the implementation of COLOSSUS which assess or calculates or attempts to assess or calculate the effect or anticipated effect on the functionality, efficiency, consistency and/or profitability of your claims department.
>
> Request for Production No. 34: All documents which indicate, discuss, suggest and/or document a pattern of overpayment nationally and/or at any geographic level or region on bodily injury and/or [uninsured/under insured motorist] claims prior to the implementation of COLOSSUS to the present.
>
> Interrogatory No. 5: Identify each person or entity hired, engaged, retained, contracted or employed by you prior to the implementation of COLOSSUS to assess, calculate, devise or develop methods or processes and/or recommend actions to improve the functionality, efficiency, consistency and/or profitability of your claims department.

unduly burdensome, and largely irrelevant. The Court, however, finds the documents requested in Plaintiffs' Fourth Request for Production No. 11[4] and Plaintiffs' Fourth Request for Production No. 12[5] are discoverable. Specifically, the Court finds that the documents sought are relevant and that Defendant has not met its burden of establishing that the requests (1) are overly broad or unduly burdensome, (2) invade confidential and proprietary interests of a non-party,[6] or (3) were served for an improper purpose. As such the Court finds that Defendant is entitled to a protective order precluding Plaintiffs' March 3, 2006 discovery, except Plaintiffs' Fourth Request for Production Nos. 11 and 12.

### C. Defendant's Motion to Quash

Pursuant to Federal Rule of Civil Procedure 30(B)(6), Plaintiffs issued a Notice for Videotaped Deposition of Party Deponent Regarding Colossus Issues setting forth eighteen (18) topics on which witnesses were to testify. Defendant objects to the notice in its entirety on multiple grounds including overbreadth and undue burden. The party seeking to quash a subpoena or seeking a protective order bears the burden of establishing good cause for it. *Sentry Ins. v. Shivers*, 164 F.R.D. 255, 256 (D. Kan. 1996). Having reviewed the parties' submissions and heard the arguments of counsel, the Court finds that Plaintiffs' 30(B)(6) deposition notice is overly broad and unduly

---

[4] In their Fourth Request for Production No. 11, Plaintiffs seek "[a]ll documents, correspondence and so forth which set forth, describe, refer or relate to procedures set forth or guidelines your adjusters are required to follow when using COLOSSUS for adjusting first-party claims."

[5] In their Fourth Request for Production No. 12, Plaintiffs seek "[a]ll documents, correspondence and so forth which set forth, describe, refer or relate to training provided to your adjusters regarding the use of COLOSSUS."

[6] The Court notes that this is especially the case since request nos. 11 and 12 do not seek information regarding how the Colossus software program was developed or how it is maintained.

burdensome. Accordingly, the Court finds that Defendant's motion to quash said notice should be, and hereby is, GRANTED as to all matters covered thereby.

III.     Conclusion

For the reasons stated above, the Court:

(1)    GRANTS Plaintiffs' Motion to Compel Documents and Information from Defendant USAA General Indemnity Company [docket no. 29] as to Plaintiffs' Third Request for Production No. 4 and Plaintiffs' Second Request for Production No. 1 as limited in section A *supra*, and

(2)    GRANTS IN PART and DENIES IN PART Defendant's Motion for a Protective Order Limiting Discovery and Quashing Plaintiffs' Rule 30(B)(6) Deposition Notice [docket no. 38] as follows:

(a)    The Court GRANTS Defendant's motion for a protective order limiting discovery as to Plaintiffs' March 3, 2006 discovery, except that Defendant must produce documents responsive to Plaintiffs' March 3, 2006 Request for Production Nos. 11 and 12, and

(b)    The Court GRANTS Defendant's motion to quash as to all matters covered by Plaintiffs' 30(B)(6) deposition notice, except Defendant is directed to designate a person to testify regarding training it provided to Mr. Kitchen concerning the use of Colossus.

**IT IS SO ORDERED this 10th day of May, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE